UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISON

**NICK RUGGIANO, and**
**JAYME STEPHENS**

    **Plaintiffs,**

v.                                         CASE NO.: 5:21-cv-00581

**ORLANDO CUSTOM**
**HOME BUILDERS LLC,**
a Florida Profit Corporation
and **SEAN MARKS**, individually.

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Nick Ruggiano and Jayme Stephens by and through their undersigned counsel, sues Defendants, Orlando Custom Home Builders LLC and Sean Marks (hereinafter "Defendants"), and alleges as follows:

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. The unlawful employment practices alleged were committed within Lake County, Florida.

3. Plaintiffs Nick Ruggiano and Jayme Stephens are and have been residents of Seminole County, Florida, at all times material herein.

4. Defendant, Orlando Custom Home Builders LLC is a Florida Profit Corporation organized and existing under the laws of the State of Florida with its principal place of business located in Lake County, Florida.

5. Defendant, Sean Marks is and has been a resident of Lake County, Florida, at all times material herein.

6. Plaintiffs were employees of Defendants within the meaning of FLSA, 29 U.S.C. § 203(e).

7. Defendants are employers as defined by FLSA, 29 U.S.C. § 203(d).

8. This action arises under FLSA, 29 U.S.C. § 206(a)(1). The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

9. At all times material hereto, Plaintiffs were engaged in commerce or in the production of goods for commerce per 29 U.S.C. § 206(a)

10. At all times material hereto, Defendant, Orlando Custom Home Builders LLC was engaged in interstate commerce per 29 U.S.C. §203(s) because it had employees who handled goods, materials and supplies which moved in interstate commerce.

11. At all times material hereto, Defendant, Orlando Custom Home Builders LLC had an annual gross dollar volume of sales made or business done of not less than five hundred thousand dollars ($500,000) per 29 U.S.C. § 203(s).

12. At all times, relevant Defendant, Orlando Custom Home Builders LLC operated as a construction company with its principal place of business at 16603 Arezo Court Montverde, Florida 34756.

13. At all times relevant to this action Defendant, Sean Marks owned and operated Orlando Custom Home Builders LLC and regularly exercised the authority to: (a) hire and fire employees of Orlando Custom Home Builders LLC; (b) determine the work schedules for the employees of and (c) control the finances and operations of. By virtue of having regularly exercised that authority on behalf of Orlando Custom Home Builders LLC, Sean Marks is/was an employer as defined by 29 U.S.C. §201, et seq.

14. Plaintiffs possess the complete records relating to their work hours, but do not possess complete records of compensation; Defendants are in possession of time and compensation records, and responsible for their storage and safekeeping.

15. All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

16. Plaintiffs have retained the law firm of Arcadier, Biggie & Wood, PLLC. to represent their interest in this matter and Plaintiff has agreed to pay said firm a reasonable attorney's fee for its services.

### COUNT I: VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW
### (Nick Ruggiano v. both Defendants)

17. Plaintiff re-alleges and incorporates paragraphs 1 through 16 of this Complaint as set forth in full herein.

18. Defendants violated 29 U.S.C. § 206, the ("Federal minimum wage provision") by failing to compensate the Plaintiff at a rate not less than $7.25 an hour.

19. At all times material hereto, Plaintiff was employed by Defendants as an office manager.

20. Plaintiff started working for Defendants on or about April 28, 2021.

21. On or about August 30, 2021, Plaintiff's employment with Defendants ended.

22. Plaintiff did not receive payment for one hundred and fifty-four (154) hours worked.

23. Plaintiff is owed for approximately 154 hours which he worked for the Defendants yet remains uncompensated.

24. Plaintiff was entitled under FLSA to be paid minimum wages for each hour worked during his employment with Defendants.

25. Defendants are not exempt from the minimum wage provision of the FLSA. Paying Plaintiff less than minimum wage is a violation of the Fair Labor Standards Act.

26. Defendants' actions were intentional, reckless or malicious.

27. Defendants' actions were not done in good faith.

28. As a direct, foreseeable, and proximate cause of Defendants' actions Plaintiff has been damaged.

29. Specifically, Defendants are liable to the Plaintiff for liquidated damages, and attorney fees and costs in conjunction with this action

**WHEREFORE**, Plaintiff pray for judgment against Defendants for all damages to which he may be entitled, including, but not limited to:

   A. Unpaid minimum wages found to be due and owing;

   B. An additional and equal amount of liquidated damages;

   C. An award of reasonable attorney fees and all costs incurred herein; and

   D. All other damages to which Plaintiff may be entitled

## COUNT II: BREACH OF CONTRACT - UNPAID WAGE
### (Nick Ruggiano v. Orlando Custom Home Builders LLC)

30. Plaintiff re-alleges and incorporates paragraphs 1 through 16 of this Complaint as set forth in full herein.

31. This is an action for unpaid wages owed to the Plaintiff and attorney's fees and costs are awardable pursuant to Florida Statue 448.08.

32. On or about April 28, 2021, Plaintiff and Orlando Custom Home Builders LLC entered into an oral employment agreement wherein Plaintiff would provide services as an office manager for the benefit of Orlando Custom Home Builders LLC and Orlando Custom Home Builders LLC would compensate Plaintiff with a salary of $8,333.33 per month.

33. On or about August 30, 2021, Plaintiff's employment with Orlando Custom Home Builders LLC ended.

34. Plaintiff was not paid a salary for his final month of work at Orlando Custom Home Builders LLC.

35. Plaintiff fully complied with the terms of the parties' agreement by performing his job duties in a professionally competent manner.

36. Orlando Custom Home Builders LLC breached the agreement by failing to pay Plaintiff his wages owed for his final month of employment.

37. Plaintiff was damaged as a result of wages being withheld by Orlando Custom Home Builders LLC.

38. Orlando Custom Home Builders LLC's actions were willful and not in good faith.

**WHEREFORE**, Plaintiff prays for judgment against Orlando Custom Home Builders LLC for all damages to which he may be entitled, including, but not limited to:

    A. Judgment for the back pay found to be due and owing to the Plaintiff;

    B. Award of reasonable attorney's fees, cost and interest incurred herein; and

    C. Such other relief as this Court deems just and equitable.

### COUNT III: VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW
### (Jayme Stephens v. Defendants)

39. Plaintiff re-alleges and incorporates paragraphs 1 through 16 of this Complaint as set forth in full herein.

40. Defendants violated 29 U.S.C. § 206, the ("Federal minimum wage provision") by failing to compensate the Plaintiffs at a rate not less than $7.25 an hour.

41. At all times material hereto, Plaintiff was employed by Defendants as a sales associate.

42. Plaintiff started working for Defendants on or about April 28, 2021.

43. On or about August 30, 2021, Plaintiff's employment with Defendants ended.

44.     Plaintiff is owed for approximately three hundred and fifty-one (351) hours which she worked for the Defendants yet remains uncompensated.

45.     Plaintiff was entitled under FLSA to be paid minimum wages for each hour worked during her employment with Defendants.

46.     Defendants are not exempt from the minimum wage provision of the FLSA.  Paying Plaintiff less than minimum wage is a violation of the Fair Labor Standards Act.

47.     Defendants' actions were intentional, reckless or malicious.

48.     Defendants' actions were not done in good faith.

49.     As a direct, foreseeable, and proximate cause of Defendants' actions Plaintiff have been damaged.

50.     Specifically, Defendants are liable to the Plaintiff for liquidated damages, and attorney fees and costs in conjunction with this action

**WHEREFORE**, Plaintiff prays for judgment against Defendants for all damages to which she may be entitled, including, but not limited to:

    A.     Unpaid minimum wages found to be due and owing;

    B.     An additional and equal amount of liquidated damages;

    C.     An award of reasonable attorney's fees and all costs incurred herein; and

    D.     All other damages to which Plaintiff may be entitled

### COUNT IV: BREACH OF CONTRACT - UNPAID WAGE
### (Jayme Stephens v. Orlando Custom Home Builders LLC)

51.     Plaintiff re-alleges and incorporates paragraphs 1 through 16 of this Complaint as set forth in full herein.

52.     This is an action for unpaid wages owed to the Plaintiff and attorney's fees and costs are awardable pursuant to Florida Statue 448.08.

53. On or about April 28, 2021, Plaintiff and Orlando Custom Home Builders LLC entered into an oral employment agreement wherein Plaintiff would provide services as a sales associate for the benefit of Orlando Custom Home Builders LLC and Orlando Custom Home Builders LLC would compensate Plaintiff.

54. On or about August 30, 2021, Plaintiff's employment with Orlando Custom Home Builders LLC ended.

55. Orlando Custom Home Builders LLC agreed to pay the Plaintiff a salary of $2,000.00 a month and 0.75% commissions of the gross sale amount for any home sold by Plaintiff.

56. Plaintiff is owed for approximately $13,5000.00 in unpaid commissions for a home she sold for $1,800,000.00 that remains uncompensated.

57. Plaintiff fully complied with the terms of the parties' agreement by performing her job duties in a professionally competent manner.

58. Orlando Custom Home Builders LLC breached the agreement by failing to pay Plaintiff her wages owed for her last two months of employment and her commission.

59. Plaintiff was damaged as a result of wages being withheld by Orlando Custom Home Builders LLC.

60. Orlando Custom Home Builders LLC's actions were willful and not in good faith.

**WHISEFORE**, Plaintiff pray for judgment against Orlando Custom Home Builders LLC for all damages to which she may be entitled, including, but not limited to:

    A. Judgment for the back pay found to be due and owing to the Plaintiff;

    B. Award of reasonable attorney's fees, cost and interest incurred herein; and

    C. Such other relief as this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all issues herein triable by jury.

DATED this 30th day of November 2021.

                                                **ARCADIER, BIGGIE & WOOD, PLLC.**

                                                */s/ Stephen Biggie, Esquire*
                                                Stephen Biggie, Esquire
                                                Florida Bar No.: 0084035
                                                Attorney for Plaintiff
                                                2815 W. New Haven, Suite 304
                                                Melbourne, Florida 32904
                                                Primary Email: office@abwlegal.com
                                                Secondary Email: biggie@abwlegal.com
                                                Phone: (321) 953-5998
                                                Fax: (321) 953-6075