# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**NICK RUGGIANO and JAYNNE STEPHENS,**

    **Plaintiffs,**

**v.**              **Case No: 5:21-cv-581-GAP-PRL**

**ORLANDO CUSTOM HOME BUILDERS LLC, SEAN MARKS, and ORLANDO CUSTOM HOME BUILDERS, INC.,**

    **Defendants.**

_____

## REPORT AND RECOMMENDATION

  Nick Ruggiano and Jaynne Stephens (Plaintiffs) initiated this case against Defendants pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*.   Doc. 1.  Plaintiffs allege in the Complaint that Defendants have breached contracts and owe Plaintiffs minimum wages under the FLSA.  Doc. 1.  By Order dated April 13, 2022, the Court referred the matter to the undersigned to conduct a settlement conference.  Doc. 35.  On May 11, 2022, the undersigned conducted the conference, and the parties reached a settlement.

  While the parties' settlement agreement (the Agreement) is not on the record, the parties disclosed the terms of the Agreement to the undersigned during the conference.  The parties negotiated Plaintiffs' claims for unpaid wages and liquidated damages.  To the extent that Plaintiffs even compromised the claims—it did not appear that a significant compromise occurred—the undersigned recognizes that it is incumbent on the Court to review the reasonableness of the proposed settlement.  *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982).  The undersigned did so at the conference and recommends that the Agreement is a

reasonable compromise of a bona fide dispute between the parties represented by competent counsel.

Further, pursuant to 29 U.S.C. § 216(b), "[t]he court [in an FLSA action] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  During the settlement conference, the parties negotiated separately the issue of attorney fees and costs without regard to the amount paid to Plaintiffs.  The undersigned recommends that the Agreement on this issue does not affect the payment to Plaintiffs or the fairness and reasonableness of the settlement. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Finally, based on the representations at the settlement conference, the undersigned recommends that there are no other potentially problematic terms that affect the overall fairness of the Agreement, the parties' settlement is otherwise reasonable on its face, and no further review is required.

Based on the foregoing, the undersigned **RECOMMENDS** that the Court:

1.  find the Agreement to be a fair and reasonable settlement of Plaintiffs' claims;

2.  **DISMISS** the case with prejudice; and

3.  **DIRECT** the Clerk of Court to close the case.

## <u>NOTICE TO PARTIES</u>

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on August 2, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy